**Frank A. CARTER, Jr., Chief Disciplinary Counsel**

v.

**John F. FLYNN.**

No. 83–300–M.P.

Supreme Court of Rhode Island.

July 12, 1983.

---

OPINION

PER CURIAM.

This is a disciplinary proceeding wherein the Disciplinary Board (the board) has found "beyond a reasonable doubt" that the respondent attorney has violated the provisions of the following disciplinary rules:

1. DR 1–102(A)(1) (which provides that a lawyer shall not violate a disciplinary rule).

2. DR 1–102(A)(6) (which provides that a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law).

3. DR 2–106(A) (which provides that a lawyer shall not charge or collect an illegal or clearly excessive fee).

4. DR 6–101(A)(3) (which provides that a lawyer shall not neglect a legal matter entrusted to him).

After a hearing before a panel of the board on April 28, 1981, the following facts were found on the basis of uncontradicted testimony and admission of allegations in the complaint.

The respondent was appointed guardian of the estate of Madeline Egan on April 19, 1965. From that date until February 28, 1980, no account was filed by respondent with the Probate Court. As of the date of the hearing before the panel the account had not been approved by the Probate Court.

The respondent deducted attorney's fees and attorney's expenses of $51,891.20 out of an estate whose assets totaled $119,121.20. During the time of respondent's guardianship the ward was transferred to the Nicholas Marra Nursing Home without the knowledge of the guardian. When respondent became aware of the ward's presence in the nursing home, he took no steps to remove her but allowed a debt to accumulate which totaled $11,500, a circumstance that triggered the initial complaint. At the hearing, respondent made no effort to justify the fees that he had taken from the corpus of the estate; his answers to the questions propounded to him were at best evasive and completely failed to respond to the merits of the controversy. It appeared to be respondent's position that the board had no jurisdiction to act until such time as the Probate Court should act on the allowance of his accounts.

On the evidence and admissions made by respondent, the hearing panel found (1)

that respondent had failed to justify his procrastination in not filing an account between 1965 and 1980, (2) that his conduct in failing to keep track of the location of his ward adversely reflected on his fitness to practice law, (3) that the taking of fees totaling $51,891.20 from this estate without the authority of the court and without explanation or justification constrained the board to find that the fee was excessive and received without proper authority, and (4) that respondent had neglected the estate entrusted to him for a period of several years. On the basis of this record the board, which adopted the findings of the panel, recommended that respondent be publicly censured.

Upon receiving the opinion and recommendation of the board, this court afforded respondent an opportunity to appear and show cause why he should not be disciplined. After hearing respondent, this court entered an order on May 24, 1982, directing respondent to take steps to conclude his accounting before the Probate Court of the city of Providence within twenty days of the date of the order. Thereafter no further action was taken by respondent to comply with the order of the court. He was directed to appear before this court on December 2, 1982, to show cause why he should not be disciplined for his failure to proceed with the accounting. He was then ordered to file a written motion with the Probate Court requesting that the account be placed on the docket of the Probate Court for hearing. Again respondent failed to resolve the matter before the Probate Court and he was therefore directed to reappear before this court on March 3, 1983. At that time we ordered respondent to proceed with the hearing before the Probate Court on or before March 17, 1983, and admonished him that if the matter was not heard by that time, this court would proceed with the imposition of discipline. Since the date of the order, the account that was filed on February 28, 1980, with the Probate Court remains unresolved.

We are of the opinion that the findings of the board were supported by uncontradicted evidence and admissions made by the respondent. We further believe that the conduct of the respondent in failing to carry out the orders of this court subsequent to the filing of the opinion and recommendation of the board supports and enhances the board's determination that the respondent's replies to questions during the entire disciplinary proceeding were evasive and unsatisfactory.

Accordingly, this court accepts the recommendation of the board and hereby publicly censures the respondent for his breaches of the disciplinary rules as found by the board and for his failure to comply within a reasonable time in implementing the orders of this court.